UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CENTRANS TRUCK LINES, LLC,
an Indiana Limited Liability
Company,                                      Case No:

     Plaintiff,

v.

ORIENT EXPRESS CONTAINER
CO. LTD., a Foreign Corporation,
and OEC FREIGHT NEW YORK
INC., a New York Corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff CENTRANS TRUCK LINES, LLC, by and through its undersigned counsel, hereby submits and files its Complaint against Defendants ORIENT EXPRESS CONTAINER CO. LTD. and OEC FREIGHT NEW YORK INC., and in support thereof state as follows:

## INTRODUCTION

1.    This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff CENTRANS TRUCK LINES, LLC ("Centrans"), a motor carrier, and Defendants ORIENT EXPRESS CONTAINER CO. LTD. ("Orient Express") and OEC FREIGHT NEW YORK INC. ("OEC NY,"

collectively with Orient Express, "OEC"), non-vessel owning ocean carriers (NVOCC) of goods for hire, for OEC's breach of a settlement agreement reached between Centrans and OEC in March 2022 and, alternatively, for breach of contract, unjust enrichment, and/or account stated for OEC's failure to pay Centrans transportation charges incurred during multiple transportation transactions involving Centrans and OEC.

## PARTIES, JURISDICTION, AND VENUE

2. Centrans is an Indiana Limited Liability Company with its principal place of business located in Ponte Vedra, Florida.

3. The sole member of Centrans is an Indiana Limited Liability Company with its principal place of business in Florida and the members of that Limited Liability Company are Indiana and Florida entities with principal places of business in Indiana and Florida.

4. Centrans is a motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-190266) to transport property in interstate commerce.

5. Centrans is a citizen of Indiana and/or Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

6. Upon information and belief, Orient Express is a British Virgin Islands corporation with a principal place of business not in Indiana or in Florida.

7.     Orient Express is registered to conduct business in New York with an address located in Rosedale, Queens County, New York.

8.     Orient Express is a non-vessel operating common carrier (NVOCC) licensed by the United States Federal Maritime Commission (OTI No. 021291).

9.     Orient Express is not a citizen of Indiana or Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

10.    OEC NY is a New York corporation with its principal place of business in Rosedale, Queens County, New York.

11.    OEC NY is a non-vessel operating common carrier (NVOCC) licensed by the United States Federal Maritime Commission (OTI No. 15744).

12.    OEC NY is a citizen of New York and not a citizen Indiana or Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

13.    Upon information and belief, Orient Express and OEC NY are related entities.

14.    Because Centrans is a citizen of different states than Orient Express and OEC NY, and because the amount in controversy, exclusive of interest, costs and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

15.    This Court has personal jurisdiction over OEC NY and over Orient Express because OEC NY and Orient Express continuously conducted business with Centrans and continuously contracted with Centrans within the State of Florida between November 2020 and January 2022.

16.    This Court also has personal jurisdiction over OEC NY and over Orient Express because OEC NY and Orient Express regularly conduct business in Florida.

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

GENERAL ALLEGATIONS

18.    On or about November 19, 2020, Centrans and OEC entered into a Transportation Agreement to govern their respective rights and obligations with respect to Centrans' transportation, as a motor carrier, of the goods of OEC's customers ("the Transportation Agreement"). A true and correct copy of the Transportation Agreement is attached hereto as **Exhibit A**.

19.    As is relevant to this Complaint, Paragraph B of the Transportation Agreement requires OEC to compensate Centrans for the transportation services it performs for OEC and OEC's customers within 30 days of OEC's receipt of an invoice and the shipping documents for any load or shipment transported by Centrans.

20.     Between November 19, 2020 and January 2022, Centrans performed transportation services for OEC and OEC's customers under the Transportation Agreement and under the individual shipping documents for each and every particular load or shipment.

21.     The transportation services provided by Centrans to OEC and to OEC's customers typically included the hauling of containers full of OEC's customers' goods from a rail yard to the facility of OEC's customer along with the return of the empty containers from the facility of OEC's customer back to the rail yard, all taking place in or around Atlanta, Georgia and its surrounding areas.

22.     In performing those services for OEC and its customers, Centrans, like any motor carrier would, incurred per diem equipment and/or accessorial fees and costs related to the use of the containers and the use of the chassis onto which the containers are placed during transport.

23.     During the course of their business with one another, OEC and Centrans agreed that the per diem equipment and/or accessorial fees and costs related to Centrans' use of the containers and chassis in the course of its servicing OEC and OEC's customers would be charged back to OEC who would be solely responsible for such charges as between Centrans and OEC.

24.     It is common in the transportation industry for the motor carrier, in this case Centrans, to forward its per diem equipment and/or

5

accessorial fees and costs for containers and chassis to the intermediary acting on behalf of the shipper, in this case OEC.

25.     Between November 19, 2020 and about August 2021, Centrans routinely billed OEC for Centrans' line haul services (including fuel charges), plus all incurred per diem equipment and/or accessorial fees and costs, and OEC routinely paid such invoices.

26.     Each and every invoice sent to OEC contained, and OEC agreed to and did not dispute, the following language conspicuously displayed at the bottom of each invoice: "Payment due in 30 days from receipt of invoice. Failure to make payment after the above mentioned days will result in an interest fee of 1.5% monthly on total balance. In addition, payments not received within the above mentioned days are subject to legal action which include but are not limited to administrative fees, court costs and attorney fees." A true and correct copy of an invoice for line haul services is attached hereto as **Exhibit B** and a true and correct copy of an invoice for accessorial charges is attached hereto as **Exhibit C**.

27.     Beginning in or around August 2021, OEC stopped and/or delayed its payments and began to accrue a balance owed to Centrans consisting of Centrans' line haul services (plus fuel charges) and per diem equipment and/or accessorial fees and costs.

28.     By the end of January 2022, the balance owed by OEC to Centrans for its services plus accessorial charges, had grown to $861,721.61,

prompting counsel for Centrans, on February 8, 2022, to send a demand letter to OEC seeking payment in full of such charges. A true and correct copy of Centrans' February 8, 2022 demand letter is attached hereto as **Exhibit D**.

THE SETTLEMENT AGREEMENT

29.    After a period without response to its demand letter, on March 1, 2022 Centrans' CEO, Mike Cavanaugh, sent an email to multiple representatives of OEC offering to settle OEC's outstanding balance with Centrans for 85% of the balance or $732,463.36.

30.    On March 7, 2022, in a phone conversation between Mr. Cavanaugh and Steve Meyers, OEC's Regional Vice President of Operations, OEC accepted Centrans' offer, agreeing to pay 85% of the outstanding balance OEC owed to Centrans in exchange for a release from Centrans as to the full amount owed.

31.    On March 8, 2022, Mr. Cavanaugh sent Mr. Meyers an email communication attaching a draft settlement agreement memorializing the terms that had been reached the day before.

32.    In his March 8, 2022 email communication, Mr. Cavanaugh advised Mr. Meyers that the attached written settlement agreement was "[p]er our agreement yesterday…"

33. On March 11, 2022, before responding to the written settlement agreement, OEC wired $366,232.52 to Centrans as partial payment of the settlement amount.

34. On March 16, 2022, Mr. Meyers sent Mr. Cavanaugh an email communication attaching a revised written settlement agreement which showed OEC's proposed edits in "redline" ("the redline agreement").

35. Mr. Meyers' March 16, 2022 email communication to Mr. Cavanaugh attaching the redline agreement contained an accompanying note to Mr. Cavanaugh to "Please see attached."

36. The redline agreement was identical to the draft settlement agreement Mr. Cavanaugh sent to Mr. Meyers on March 8, 2022, except it contained the following proposed edits:

    a. Correcting Orient Express' legal name which was mistakenly written as "Oriental;"

    b. Reducing OEC's amount owed by $366,232.52 to explicitly account for OEC's March 11, 2022 payment;

    c. Making $11,200 of the remaining balance due within three days of confirmation of the definitive location of container TRHU7183622 and its contents;

    d. Making the remaining $355,030.84 due payable within three days of execution of the agreement; and

e.      Subjecting the agreement to New York law and putting the Southern District of New York as venue for disputes arising out of the agreement.

37.    On March 17, 2022, Mr. Cavanaugh sent Mr. Meyers an email attaching a "clean" version of the now-agreed-upon terms as a pdf file incorporating all of the proposed edits (i.e., all of the redlines) from the redline agreement, and in the email communication asked Mr. Meyers to "please sign, return and process payment." A true and accurate copy of the March 17, 2022 pdf file incorporating all of OEC's proposed edits ("the Settlement Agreement") is attached hereto as **Exhibit E**.

38.    On March 23, 2022, counsel for Centrans sent a letter to OEC inquiring about the status of Mr. Meyers' signature on the Settlement Agreement.

39.    On March 24, 2022, Mr. Meyers responded to counsel via email indicating an intent to renege on the Settlement Agreement.

40.    The container TRHU7183622 and its contents have not been located.

41.    As a result of actions taken by OEC, Centrans has sustained significant damages.

42.    Centrans has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

43.    All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF THE SETTLEMENT AGREEMENT

44.    Centrans incorporates paragraphs 1 through 43 as if fully set forth herein.

45.    OEC's sending of the redline agreement was an offer to settle OEC's outstanding debt to Centrans on the terms contained within the redline agreement.

46.    Centrans accepted the offer by incorporating all of the edits proposed in the redline agreement and sending the document, the Settlement Agreement, to OEC for signature without any reservations.

47.    The consideration for the Settlement Agreement is the mutual promises contained therein, including, but not limited to, OEC's promise to pay Centrans, Centrans' promise to accept the amount to be paid by Centrans in full satisfaction of the amount owed by OEC, and the mutual releases of claims made by OEC and Centrans.

48.    The entirety of the Settlement Agreement was capable of full performance within one (1) year.

49.    The exchanging of the drafts by Mr. Cavanaugh and Mr. Meyers was for the purpose of memorializing the terms and conditions to which Centrans and OEC already had agreed without reservation.

50.     When Mr. Cavanaugh sent his March 17, 2022 email with the "clean" version of the Settlement Agreement, a binding and enforceable agreement existed between Centrans and OEC on the terms set forth in the Settlement Agreement, with OEC having indicated its assent by sending the terms, and Centrans having indicated its ascent by incorporating the terms, finalizing the draft, and requesting signature from Mr. Meyers without reservation.

51.     Pursuant to Paragraph 1.1 of the Settlement Agreement, OEC is obliged to pay Centrans $355,030.84.

52.     OEC breached the Settlement Agreement by failing to tender the outstanding $355,030.84 within a reasonable time.

53.     OEC committed an anticipatory breach of the Settlement Agreement when Mr. Meyers repudiated the Settlement Agreement in his March 24, 2022 communication to Centrans.

54.     Paragraph 12 of the Settlement Agreement provides that the Settlement Agreement and the terms contained therein are governed by and construed under New York law.

55.     Centrans sustained damages in the amount of $355,030.84 resulting from OEC's breach of the Settlement Agreement.

## COUNT TWO - PROMISSORY ESTOPPEL

56.    Centrans incorporates paragraphs 1 through 43 as if fully set forth herein.

57.    This Count is brought in the alternative to Count I.

58.    OEC made clear and unambiguous promises to Centrans as set forth in the Settlement Agreement, including without limitation a promise to pay Centrans $355,030.84 to resolve its open balance with Centrans.

59.    Centrans reasonably and foreseeably relied upon OEC's promises.

60.    OEC did not honor its promises to Centrans and has indicated it will not honor such promises.

61.    It would be an injustice to Centrans if OEC's promise is not enforced.

62.    Centrans sustained damages in the amount of $355,030.84 in reliance upon OEC's false promises.

## COUNT THREE - BREACH OF CONTRACT

63.    Centrans incorporates paragraphs 1 through 28 and 41 through 43 as if fully set forth herein.

64.    This Count is brought in the alternative to Counts I and II.

65.     OEC entered into a valid contract to pay for the services, including fuel and accessorial charges, provided by Centrans. That contract is evidenced by the Transportation Agreement, the parties' actions, communications, customs, and practice, as well as the individual shipping documents for each shipment or load.

66.     Centrans fully performed the contract by completing the services requested by OEC and providing invoices for such services to OEC, along with the supporting shipping documents for each shipment or load.

67.     OEC has failed to pay the outstanding invoices for the services provided, and the accessorial charges incurred, by Centrans, in the principal amount of $495,489.09.

68.     All outstanding invoices are more than 30 days overdue, and OEC has further failed to pay the interest on the outstanding invoices.

69.     In failing to pay the outstanding invoices and interest, OEC has breached its agreement to pay for the Centrans' services, including fuel and accessorial charges.

70.     In addition to principal and interest, OEC is liable for all costs and attorneys' fees relating to this legal action under the terms of its agreement with Centrans.

71.    Centrans has been damaged in the amount of $495,489.09 by OEC's aforementioned breach.

## COUNT FOUR - ACCOUNT STATED

72.    Centrans incorporates paragraphs 1 through 28 and 41 through 43 as if fully set forth herein.

73.    This Count is brought in the alternative to Counts I, II, and III.

74.    Before the institution of this action, Centrans and OEC had business transactions between them from at least November 2020 and January 2022.

75.    During this time period, Centrans sent OEC numerous invoices for the services and accessorial charges it was performing and incurring.

76.    OEC through its officers agreed to pay these charges and has not objected to the charges.

77.    Attached hereto as **Exhibit F** is a true and correct itemized statement, as of April 15, 2022, showing the invoices for all services provided and charges incurred by Centrans to or for OEC which invoices were sent to OEC in the normal course of Centrans' business which OEC agreed to pay and to which OEC has not objected.

78.    OEC received the benefit of Centrans' services including the accessorial charges and undertook to make payments on this agreed account.

79.     Centrans has been damaged by OEC's failure to pay its balance while OEC received the benefit of the services performed, and the equipment used, by Centrans to service OEC and OEC's customers.

80.     OEC owes Centrans $495,489.09 on this account stated of April 15, 2022, exclusive of interest, costs, and attorneys' fees.

## COUNT FIVE - UNJUST ENRICHMENT

81.     Centrans incorporates paragraphs 1 through 28 and 41 through 43 as if fully set forth herein.

82.     This Count is brought in the alternative to Counts I, II, III, and IV.

83.     Centrans conferred benefits on OEC by providing its motor carrier services and by incurring fuel and accessorial charges to perform the motor carrier services benefitting OEC.

84.     OEC had knowledge of such benefits and voluntarily accepted them for its own benefit and enrichment.

85.     OEC has failed to compensate Centrans for the value of the services performed and accessorial charges incurred which were provided to OEC in the principal amount of $495,489.09.

86.     OEC has been unjustly enriched by its inequitable action of obtaining benefits without paying for them.

## PRAYERS FOR RELIEF

WHEREFORE, Centrans respectfully requests that this Honorable Court enter judgment in its favor against Orient Express and OEC NY, as follows:

A.    Declaring the Settlement Agreement valid and enforceable, finding that Orient Express and OEC NY are in breach of the Settlement Agreement, and awarding Centrans damages for Orient Express' and OEC NY's breach of the Settlement Agreement in the amount of no less than $355,030.84 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by Centrans in this suit as authorized by statute or contract; or

B.    Determining that the Transportation Agreement, the shipping documents, and/or the invoices between Centrans and Orient Express and/or OEC NY are binding and enforceable, finding that Orient Express and OEC NY are in breach of such agreement(s), and awarding Centrans damages for Orient Express' and OEC NY's breach of such agreement(s) in the amount of $495,489.09 plus prejudgment and post-judgment interest in the amounts to be established by this Honorable Court, interest on the amount owed as set forth in Centrans' invoices, along with the attorneys' fees, costs and expenses

incurred by Centrans in this suit as authorized by Centrans' invoices or by statute; or

C.     Determining that Orient Express and OEC are indebted to, or have been unjustly enriched by, Centrans in the amount of $495,489.09 and awarding Centrans damages for same in the amount of $495,489.09 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by Centrans in this suit as authorized by statute or contract; and

D.     Awarding Centrans such other and further relief as this Court shall deem just and proper.

Date: May 4, 2022                              Respectfully submitted,


/s/ John L. Marchione
John L. Marchione, Esq.
Florida Bar No.: 0114245
Kristen M.J. Johnson, Esq.
Florida Bar No.: 1005180
TAYLOR JOHNSON PL
20 3d St. S.W., Suite 209
Winter Haven, FL 33880
T: (863) 875-6950
F: (863) 875-6955
kjohnson@taylorlawpl.com
jmarchione@taylorlawpl.com
efiling@taylorlawpl.com
lroberts@taylorlawpl.com

*Counsel for Plaintiff Centrans Truck Lines, LLC*